```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO: 10-21192-Civ-LENARD
                                      (08-21097-Cr-LENARD)
                              MAGISTRATE JUDGE P.A. WHITE
TAQUILLA JACKSON,        :

        Movant,          :

v.                       :      REPORT OF
                                MAGISTRATE JUDGE
UNITED STATES OF AMERICA,:

        Respondent.      :
_____
```

This matter is before this Court on the movant's motion to vacate, which in legal effect is a motion pursuant to 18 U.S.C. §3582, attacking the constitutionality of her sentence. Although not precisely articulated, the movant seeks a reduction in sentence based on the Supreme Court's decision in Kimbrough v. United States,[1] 552 U.S. ___, 128 S.Ct. 558 (2007) and the U.S. Sentencing Guidelines Amendments lowering base offense levels for offenses involving crack cocaine.

The court has reviewed the motion, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file. No order to show cause was issued in this case because the files and records of the case conclusively show that the movant is entitled to no relief.

Briefly, the movant was charged with and pleaded guilty to conspiracy to possess with intent to distribute cocaine base. (Cr-

---

[1] In Kimbrough, the Supreme Court determined that, in light of United States v. Booker, 543 U.S. 220 (2005), a district court may deviate from an advisory guidelines range for crack cocaine offenses based on a conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553(a). Kimbrough, 128 S.Ct. at 564.

DE#s3,457). On July 13, 2009, she was sentenced to a term of 38 months in prison, followed by four years of supervised release. (Cr-DE#457). However, an Amended Judgment was entered on July 23, 2009, to reflect modification of supervision conditions. (Cr-DE#468). No direct appeal was filed. (Cv-DE#1:3).

Review of the PSI reveals that the movant's base offense level was computed pursuant to U.S.S.G. §2D1.1. The movant was held responsible for 161 grams of cocaine base and 308 grams of powder cocaine. (PSI ¶51). The probation officer converted the drugs pursuant to the Drug Equivalency Tables, which resulted in a total of 3,281.6 kilograms of marijuana. (Id.). Pursuant to U.S.S.G. §2D1.1(c)(3), an offense involving at least 3,000 kilograms, but less than 10,000 kilograms of marijuana has a base offense level 34. (Id.). However, in accordance with the dictates of Kimbrough and Amendments to the Guidelines which appear to have been incorporated into U.S.S.G. §2D1.1, comment n.10(D)(I),[2] the movant's base offense level was reduced two levels, resulting in a base offense level 32. Although the court has jurisdiction in this case pursuant to 18 U.S.C. §3582(c)(2), the movant is entitled to no relief because she has already received a reduction based on the disparity between crack cocaine and powder cocaine.

Alternatively, it should be noted that the challenge to her sentence could have been, but was not raised on direct appeal. There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and

---

[2]The comment provides that if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense leveel as provided by subdivision (B) of this note, and then reduce the combined offense level by 2. U.S.S.G. §2D1.1, comment n.10(D)(i).

(3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. Belford v. United States, 975 F.2d 310 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). The claim is thus procedurally barred unless the movant can show cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, Engle v. Isaac, 456 U.S. 107 (1982). No such showing has been made here.

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 7th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Taquilla Williams, Pro Se
    Reg. No. 82081-004
    Alderson Federal Prison Camp
    Inmate Mail/Parcels
    Glen Ray Rd. Box A
    Alderson, WV 24910

    Anne Schultz, AUSA,
    Chief/Appellate Division
    United States Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132